IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUJUAN DAVIS, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:17-cv-829 |
| ) | |
| vs. ) | |
| ) | |
| PENSKE LOGISTICS LLC ) | |
| ) | |
| Defendant ) | |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Plaintiff, DuJuan Davis, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, DuJuan Davis, is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Penske Logistics LLC (hereinafter referred to as "Penske"), is an employer as defined by 42 U.S.C. §12101 *et. seq.* and 29 U.S.C. § 2612 *et. seq.* and conducts business in the State of Indiana.

3. Mr. Davis invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began his employment with Defendant on or about October 6, 2015 as a Warehouse Worker/Selector.

6. Sometime on or around February 5, 2016, Plaintiff sustained an on-the-job injury to his shoulder.

7. At all relevant times, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

8. Plaintiff notified Defendant of the on-the-job injury and Defendant refused to open a claim for workers' compensation and instructed him to see his own doctor.

9. On or about March 10, 2016, the Defendant terminated Plaintiff's employment, allegedly for job abandonment.

10. Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein he alleged discrimination under the American's with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) (Charge Number 470-2016-01984) on or around May 31, 2016.

11. The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on December 21, 2016.

## COUNT I

12. Plaintiff incorporates by reference paragraphs one through eleven (11) of his complaint for damages as fully set forth herein.

13. Plaintiff suffers from a disability and/or perceived disability as defined by the Americans with Disabilities Act, specifically shoulder damage which limits his major life activities.

14. The Defendant was aware Plaintiff's disability and/or perceived disability and refused to provide reasonable accommodation when Defendant terminated him.

15. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

16. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it terminated his employment.

17. Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

18. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## **COUNT II**

19. Plaintiff incorporates by reference paragraphs one (1) through eighteen (18) of his complaint for damages as fully set forth herein.

20. Plaintiff notified Defendant of his disability and need for reasonable accommodation.

21. Defendant then terminated Plaintiff's employment in retaliation for reporting his disability and need for reasonable accommodation.

22. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT III

23. Plaintiff incorporates by reference paragraphs one (1) through twenty-two (22) of his complaint for damages as fully set forth herein.

24. Plaintiff exercised a statutory right by reporting a work-related injury and seeking compensation for that injury under Indiana's Workers' Compensation Statute.

25. Defendant contravened the Indiana Workers' Compensation Statute when it terminated Plaintiff in retaliation for exercising his statutory right to report a work-related injury and to seek compensation for that injury.

26. Plaintiff's termination, by Defendant, for reporting a work-related injury and making a claim for the same is contrary to public policy and actionable under Indiana common law.

27. As a result of Defendant's actions, Plaintiff has sustained damages including, but not limited to, lost wages and benefits, and attorney fees.

WHEREFORE, Plaintiff, DuJuan Davis, by counsel, respectfully requests judgment against Defendant, Penske Logistics, LLC, in an amount sufficient to fairly and adequately compensate Mr. Davis for his lost wages and benefits, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

        Respectfully submitted,

        HENN HAWORTH CUMMINGS & PAGE

        <u>/s/ Paul J. Cummings</u>
        David M. Henn, #18002-49
        Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Suite A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax